IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIFFNEY PENLEY and ASHLEY LEWIS, Individually, and on behalf of others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>NPC INTERNATIONAL, INC.<br><br>Defendant. | NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Tiffney Penley and Ashley Lewis, individually, and on behalf of all others similarly situated, for their Complaint against NPC International, Inc. ("NPC"), allege as follows:

### I.

### INTRODUCTION

1.  This lawsuit is brought against NPC International ("NPC") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid wages, minimum wages, and overtime wages for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously employed by NPC.

## II.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs are residents of this District, and NPC conducts business and continues to engage in the wrongful conduct alleged herein in this District.

## III.

## CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former shift managers of NPC employed in the United States who work or, have worked, at NPC's Pizza Hut Restaurants at any time during the applicable limitations period covered by this Complaint (*i.e.,* two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter and who are named Plaintiffs or elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("the class").

## IV.

## PARTIES

5. NPC is a Kansas Corporation with its principal executive office located in Overland Park, Kansas.

6. Plaintiff Tiffney Penley (and others similarly situated) has been employed by NPC as an hourly-paid shift manager in NPC's Henderson, Tennessee restaurant during the relevant period herein. Plaintiff Penley's Consent to Become a Party-Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

7. Plaintiff Ashley Lewis (and others similarly situated) currently has been employed as an hourly-paid shift manager in NPC's Henderson, Tennessee restaurant during the relevant period herein. Plaintiff Lewis' Consent to Become a Party-Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

## IV.

## ALLEGATIONS

8. NPC owns and operates Pizza Hut restaurants in numerous states across the country, including: Alabama, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Minnesota, Mississippi, Missouri, North Carolina, North Dakota, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, and West Virginia.

9. The primary function of these Pizza Hut restaurants is to sell pizza and other food items to customers, whether they dine in the restaurants, carry-out the food, or have it delivered to customers.

10. NPC is and/or has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d).

11. NPC employed Plaintiffs (and all of those similarly situated) and was responsible for setting pay and overtime rates, including overtime pay during the period of time in question.

12. The decisions regarding Plaintiffs' and other members of the class' compensation and other terms of employment were made through a centralized management of NPC's Headquarters location in Overland Park, Kansas.

13. NPC has had a uniform policy and practice of incentivizing General Managers of its individual restaurants (as well as Area Managers) to encourage, permit, and/or require Plaintiffs and those similarly situated to perform "off the clock" work, as well as to undergo training and attend meetings "off the clock" in order to meet its tickets per labor hour ("TPLH") standard.

14. NPC has had a uniform policy and practice of requiring its General Managers, as well as the Plaintiff and those similarly situated, to meet its tickets per labor hour standard as a performance condition.

15. At all times material to this action, Plaintiffs and those similarly situated are (or have been) "employees" of NPC as defined by Section 203(e)(1) of the FLSA and worked for NPC within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, NPC has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, NPC has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

18. At all times material to this action, NPC has had a uniform job training program that shift managers must undergo and successfully complete as a condition of being employed as a shift manager.

19. At all times material to this action, NPC has had a mandatory monthly meeting program that required the attendance of all shift managers.

20. Each of NPC's Pizza Hut restaurants employs hourly-paid shift managers whose primary duties are to coordinate the operations of the restaurant during their respective shifts under the supervision of the respective General Manager.

21. Plaintiff and all other similarly situated persons are current or former employees of NPC.

22. NPC's shift managers open and close the restaurants each day as well as perform prescribed duties during their shifts.

23. NPC employs a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

24. Shift managers are paid only for the hours recorded on the uniform electronic time keeping system.

25. Pursuant to NPC's uniform policies and practices, Plaintiff and other members of the class have been encouraged, permitted, and/or required to perform prescribed duties before, after, and during their regular shifts without being clocked-in to NPC's electronic timekeeping system.

26. As a result of shift managers performing prescribed duties before, after, and during their shifts without being clocked-in to NPC's electronic timekeeping system, NPC's timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

27. Also, as a consequence of NPC's timekeeping records not reflecting actual hours worked, when their "off the clock" work time is added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such work.

28. In addition, and as a consequence of NPC's timekeeping records not reflecting the actual hours worked, when their "off the clock" work time is added to their recorded time, Plaintiffs and other members of the class — who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act — are entitled to be compensated for all such work time.

29. The net effect of NPC's uniform policy and practice of encouraging, condoning, suffering, permitting, and/or requiring shift managers to work "off the clock" before, after, and during their shifts is that NPC willfully failed to pay Plaintiffs and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. NPC thereby enjoys ill-gained profits at the expense of its employees.

30. In addition to "off the clock" work time being unpaid as described above, shift managers were required to undergo and successfully complete NPC's shift managers' job training under NPC's uniform policies and practices — for which such training time was not recorded on NPC's electronic timekeeping system and thus was unpaid.

31. As a result of the required job training time not being recorded on NPC's electronic timekeeping system, NPC's timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

32. Also, as a consequence of NPC's timekeeping records not reflecting actual hours worked, when the unpaid training time is added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to overtime compensation for such work.

33. In addition, and as a consequence of NPC's timekeeping records not reflecting actual hours worked, when the unpaid training time is added to their recorded time, Plaintiffs and other members of the class — who, as a result, have been paid less than the applicable minimum wage required by the FLSA — are entitled to minimum wages for such training time.

34. The net effect of NPC's policy of requiring Plaintiff and other members of the class to undergo and successfully complete shift-manager job training without being paid is that NPC willfully failed to pay Plaintiffs and other members of the class for all straight-time work, minimum wage, and overtime compensation in order to save payroll costs and payroll taxes.  NPC thereby enjoys ill-gained profits at the expense of its employees.

35. In addition to their unpaid "off the clock" work time (as well as the unpaid clocked-out training time) not being recorded on NPC's electronic timekeeping system, Plaintiff and other members of the class were required to attend mandatory monthly meetings under NPC's uniform policies and practices — for which attendance time for such meetings were not recorded on NPC's electronic timekeeping system.

36. As a result of such attendance time not being recorded on NPC's electronic timekeeping system, NPC's timekeeping records do not reflect the total hours for which Plaintiff and the other members of the class are entitled to be compensated.

37. Also, as a consequence of NPC's timekeeping records not reflecting time for such mandatory meetings, when the attendance time is added to their recorded time, Plaintiff and the other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such work.

38. In addition, and as a consequence of NPC's timekeeping not reflecting time for such meetings, when the attendance time is added to the recorded time, Plaintiffs and other members of the class who, as a result, have received less than minimum for all such work time are entitled to receive minimum wage for all such meetings time.

39. The net effect of NPC's uniform policy and practice of requiring unpaid attendance at mandatory monthly meetings is that NPC has failed to pay Plaintiffs and other members of the class for all straight work time, minimum wage, and overtime compensation in order to save payroll costs and payroll taxes. NPC therefore enjoys ill-gained profits at the expense of the employees.

40. Although at this stage Plaintiffs are unable to state the exact amount of damages owed to the class, Plaintiffs believe such information will become available during the course of discovery. But when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

V.

**COLLECTIVE ACTION ALLEGATIONS**

41  Plaintiffs brings this action on behalf of themselves and the class as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b).

42. The claims under the Fair Labor Standards Act may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

43. The other members of the class are so numerous that joinder of all other members of the class is impracticable.  While the exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through discovery, Plaintiffs believes there are at least thousands of individuals in the class.

44. The claims of Plaintiffs are typical of the claims of the class.  Plaintiffs and the other members of the class work (or have worked) for NPC at its Pizza Hut restaurants and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid for all hours worked.

45. Common questions of law and fact exist as to the class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to work hours without compensation;

- Whether NPC suffered and permitted Plaintiffs and other members of the class to work hours without compensation;

- Whether NPC failed to pay Plaintiffs and other members of the class all applicable straight time wages for all hours worked;

- Whether NPC failed to pay Plaintiffs and the other members of the class the applicable minimum wage for all hours worked;

- Whether NPC failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including, but not limited to, liquidated damages, as well as the measure of such damages; and,

- Whether NPC is liable for attorneys' interest, fees, and costs.

46. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and have retained competent counsel who are experienced in collective action litigation.

47. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual class members in a collective action are relatively small in comparison to the expenses, costs, and burden of litigating individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

48. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by NPC.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES

49. Plaintiffs, on behalf of themselves and the class, repeat and reallege Paragraphs 1 through 48 above as if they were fully set forth herein.

50. At all relevant times, NPC has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, NPC employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

52. At all times relevant, NPC had a uniform policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all hours worked.

53. As a result of NPC's willful failure to pay the applicable federal minimum wages for all hours worked to its employees (including Plaintiffs and other members of the class), NPC has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

54. NPC's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Due to NPC's FLSA violations, Plaintiffs, on behalf of themselves and the other members of the class, are entitled to recover compensation from NPC for unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

56. Plaintiffs, on behalf of themselves and other members of the class, repeat and reallege Paragraphs 1 through 55 above as if they were set forth herein.

57. At all times relevant herein, NPC has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all times relevant herein, NPC employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

59. At all times relevant herein, NPC had a uniform policy and practice of willfully refusing to pay Plaintiffs and other members of the class appropriate overtime compensation for all hours worked in excess of forty hours per week by Plaintiffs and each of the other members of the class.

60. As a result of NPC's willful failure to compensate Plaintiffs and other members of the class, the applicable federal minimum wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, NPC has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

61. Due to NPC's FLSA violations, Plaintiffs and the other members of the class are entitled to recover compensation from NPC for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under FLSA, 29 U.S.C. § 216(b).

## COUNT III
## FAIR LABOR STANDARDS ACT VIOLATIONS-MINIMUM WAGES

62. Plaintiffs, on behalf of themselves and other members of the class, repeat and reallege Paragraphs 1 through 61 above as if they were fully set forth herein.

63. At all times relevant herein, NPC has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64. Pursuant to NPC's uniform compensation policies, NPC has failed to pay Plaintiffs and other members of the class the applicable minimum wage as required by the FLSA.

65. Because of NPC's failure to pay Plaintiffs and other members of the class for all hours worked, Plaintiffs and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA.

66. NPC's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Plaintiffs and the other members of the class are therefore entitled to compensation for unpaid wages and unpaid minimum wages at an hourly rate required by the FLSA plus

applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against NPC:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other class members to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid wages to Plaintiffs and other members of the class;

C. On Count II, an award of compensation for overtime to Plaintiffs and the other members of the class;

D. On Count III, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable minimum wage rate as required by the FLSA;

E. On Counts I, II, and III, an award of liquidated damages to Plaintiffs and other members of the class for the Defendant's willful violations of the FLSA;

F. On Counts I, II, and III, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

G.	On Counts I, II, and III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class; and

H.	Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: January  29 , 2013

                              Respectfully Submitted,

                              s/ Gordon E. Jackson.
                              Gordon E. Jackson (#8323)
                              James L. Holt, Jr. (#12123)
                              Timothy A. Perkins (#24657)
                              JACKSON, SHIELDS, YEISER & HOLT
                              262 German Oak Drive
                              Memphis, Tennessee  38018
                              Tel:  (901) 754-8001
                              Fax:  (901) 759-1745
                              ATTORNEYS FOR PLAINTIFF
                              gjackson@*jsyc.com*